**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID FREIFELD, on behalf of Plaintiff and the class described herein | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-05459 |
| v. | ) ) ) | Hon. Jorge L. Alonso |
| PERSONA IDENTITIES INC., | ) ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND TO STAY

Pursuant to 28 U.S.C. § 1292(b), Defendant Persona Identities, Inc. ("Persona") respectfully moves the Court to amend its Order Denying Persona's Motion to Dismiss (the "Order," ECF No. 61) to add language expressly stating that the Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, such that it is appropriate to certify the Order for interlocutory appeal. The Order implicates the following controlling question of law that is appropriate for interlocutory appeal:

> "Whether a company whose business is authenticating the identity of customers conducting financial and nonfinancial transactions qualifies as a financial institution or an affiliate of a financial institution that is subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder ("GLBA"), and is therefore exempt from the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*."

124065.000007\4905-5903-4266.1

*See* 740 ILCS 14/25(c) ("Nothing in this Act shall be deemed to apply in any manner to a financial institution or an affiliate of a financial institution that is subject to Title V of the federal Gramm-Leach-Bliley Act of 1999 and the rules promulgated thereunder.").

Persona also respectfully requests that the Court stay these proceedings pending either (1) a decision by the Seventh Circuit in *Cisneros v. Nuance Communications, Inc.*, No. 24 2982 (7th Cir. filed Nov. 1, 2024) ("the *Cisneros* Appeal"), or (2) the interlocutory appeal of this action, whichever is the first proceeding to resolve the above question law for which Defendant now seeks interlocutory appeal.[1]  Support for this motion is found in the accompanying brief.

Dated: March 27, 2026

Respectfully submitted,

**PERSONA IDENTITIES, INC.**

By:  */s/ Joel C. Griswold*
Joel Griswold (627757)
Bonnie Keane DelGobbo (6309394)
Katharine H. Walton (6339805)
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 3700
Chicago, Illinois 60606
(312) 416-6200 (phone)
(312) 416-6201 (fax)
jcgriswold@bakerlaw.com
bdelgobbo@bakerlaw.com
kwalton@bakerlaw.com

*Attorneys for Defendant*
*Persona Identities Inc.*

---

[1] In *Cisneros*, the Seventh Circuit directed the parties to file supplemental briefing addressing the question of whether the complaint adequately alleges injury in fact sufficient to create a constitutional case or controversy. *Cisneros v. Nuance Communications, Inc.*, Docket No. 24-02982 (7th Cir. Nov 01, 2024), ECF No. 37.  Thus, it is possible that the Seventh Circuit could uphold the dismissal of plaintiff's complaint on independent jurisdictional grounds, without reaching the issue of the applicability of the GLBA exemption under BIPA.

2

## CERTIFICATE OF SERVICE

I hereby certify that on this date, March 27, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.


By: */s/ Joel C. Griswold*
Joel C. Griswold